**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

SAE BIANG OPTICAL, et al.                                        PLAINTIFFS

v.                                            **NO. 3:05-CV-168-JDM**

KENMARK OPTICAL, INC.                DEFENDANT/THIRD PARTY PLAINTIFF

v.

OLSON & HIERL, LTD. and
SEYMOUR ROTHSTEIN                            THIRD PARTY DEFENDANTS

**MEMORANDUM OPINION**

The defendants Seymour Rothstein and Olsen & Hierl, Ltd. move to dismiss the single claim asserted against it in the amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. For reasons stated below, the court will grant the motion.

**I.**

This is a breach of contract action, in which the plaintiffs, Sae Biang Optical and Suk Jae Lee ("collectively Sae Biang"), seek relief against the other party to the two contracts at issue, Kenmark Optical, Inc., as well as Kenmark's attorney, Seymour Rothstein and the law firm Olsen & Hierl, Ltd. ("collectively Rothstein"). Under these contracts, Kenmark acquired the sale and distribution rights, generally, of magnetic clip-on sunglasses developed and manufactured by Sae Biang, a Korea-based company.

Kenmark has filed a counterclaim, in which it asserts, essentially, that its performance under the contracts is excused because the sale and distribution of the Sae Biang eyewear would

constitute patent infringement.  Kenmark in fact abandoned the sale of the subject eyewear within five months of executing the contracts after it was surprised with a summons in a patent infringement suit initiated by Aspex Eyewear, Inc.  Kenmark has also filed a third party complaint against Rothstein, its legal counsel during the transactions at issue, for the alleged negligent failure to discover Aspex's competing patent claim.  In a separate memorandum opinion and order, the court dismissed the third party complaint as time-barred.

Sae Biang has filed an amended complaint, in which it joins Kenmark's legal counsel Rothstein and his law firm as defendants under a claim of tortious interference of contract.  Sae Biang alleges that Rothstein tortiously counseled Kenmark that the Aspex suit was meritorious and, without a good faith basis, advised Kenmark to repudiate or cancel the contracts.   The tortiousness of Rothstein's advice, according to Sae Biang's allegations, stems not merely from its view of patent law and the merit of Aspex's claim, but also from a conflict of interest that arose when Rothstein continued representing Kenmark despite the prospect of a malpractice claim.  (¶¶ 27-33, docket no. 62.)

## II.

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true.  *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## III.

The court concludes the amended complaint contains no set of facts under which Sae

Biang would be entitled to relief against Rothstein.  Because Rothstein was providing legal counsel to Kenmark, at all relevant times and for all intents and purposes, Sae Biang has no cause to complain either of any "conflict of interest" or to assert itself as a beneficiary of Rothstein's duties and obligations owed to his principal and client, Kenmark.  Tortious interference is not a cognizable claim under the facts of this case.  *See Leary v. Daeschner*, 186 F.Supp.2d 774 (W.D.Ky. 2001).

       The court will enter a separate order dismissing this claim.

       DATE:

cc:  Counsel of Record

.007